UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEVIN AMBERS,

    Plaintiff,

  v.

TELA WILSON *et al.*,

    Defendants.

Case No. C05-5215RBL

REPORT AND RECOMMENDATION:

**NOTED FOR:
AUGUST 5th, 2005**

    This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B).  Before the court is plaintiff's motion to dismiss.  (Dkt. # 15). Plaintiff indicates he wishes to dismiss this action and file another action at a later date.  He indicates this action was prepared by another resident, Mr. McGary.  Mr. Ambers and Mr. McGary originally attempted to file this action as co-plaintiff's.  The facts alleged deal primarily with an incident Mr. McGary was allegedly involved in.  Mr. McGary did not sign the original complaint and did not file documents to obtain *in forma pauperis* status.  The action proceeded with only Mr. Ambers as a plaintiff and Mr. Ambers was granted *in forma pauperis* status.

    Prior to any answer being filed Mr. Ambers asks to dismiss the action without prejudice.

REPORT AND RECOMMENDATION - 1

(Dkt. # 15). Defendants oppose the motion and indicate it is a waste of resources and time to allow plaintiff to dismiss this action and he should be forced to file an amended complaint and bring his claims. (Dkt. # 17).

## DISCUSSION

Fed.R.Civ.P. 41(a)(1) gives a plaintiff the right to dismiss an action prior to an answer being filed. The plaintiff may simply file a notice of dismissal. The court considers plaintiff's motion to be such a notice. Plaintiff will still have to pay the filing fee in this action, but the action should be dismissed without prejudice based on plaintiff's motion.

## CONCLUSION

The court should consider plaintiff's motion as a notice of dismissal and this action should be **DISMISSED WITHOUT PREJUDICE.** Plaintiff must still pay the filing fee in this case. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **August 5th, 2005.**

DATED this 11th day of July, 2005.

>                     */S/ J. Kelley Arnold*
>                     J. Kelley Arnold
>                     United States Magistrate Judge

REPORT AND RECOMMENDATION - 2